# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMO DANIELSEN,<br><br>                       Plaintiff,<br><br>   v.<br><br>JAMIE DIMON,<br><br>                       Defendant. | Case No. 18-cv-2711-BAS-BLM<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

     Plaintiff Primo Danielsen has filed a Complaint against Defendant Jamie Dimon. ("Compl.," ECF No. 1.) The Complaint is very brief and lists a claim for "Trespass [Extortion, Fraud]." Plaintiff alleges Defendant trespassed on his property and created a false document and forged instrument that harmed Plaintiff's property. Plaintiff request compensation of $3,500,000. The Court ordered Plaintiff to show cause why subject matter jurisdiction is proper and why the Complaint should not be dismissed for failure to state a claim. (ECF No. 3.) Plaintiff filed a response. ("Resp.," ECF No. 7.)

/ / /

## I. SUBJECT MATTER JURISDICTION

Plaintiffs states in his Response that he included a "revised coversheet" and "wish[ed] the previous coversheet be void." (Resp. 1.)[1] No coversheet is attached to the Response. Therefore, Plaintiff has again provided no detail as to why subject matter jurisdiction is proper in this case. "[D]istrict courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)). There are two types of jurisdiction: federal question jurisdiction and diversity jurisdiction. Plaintiff's Complaint presents no federal question. Further, Plaintiff provides no detail as to how diversity jurisdiction may exist. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Plaintiff provided no detail as to the citizenship of the Parties in his case. Therefore, Plaintiff has not sufficiently alleged subject matter jurisdiction is proper.

## II. FAILURE TO STATE A CLAIM

The entirety of Plaintiff's Complaint is four bullet points which state: 1. Wrongdoer trespassed on property; 2. Wrongdoer uttered a forged instrument that interfered with Plaintiff's right to property; 3. The wrong, harm and trespass continues to this day; and 4. Compensation due is $3,500,000. (Compl. 1.) In his Response, Plaintiff states he believes he has stated a proper claim because: 1. Wrongdoer uttered a forged instrument that interfered with Plaintiff's right to property; 2. Wrongdoer created a false document that harms Plaintiff's property; and 3. The wrong, harm and trespass continues to this day. (Resp. 1.) Plaintiff's Complaint and his Response are nothing more than recitation of vague elements, with

---

[1] On his civil cover sheet, Plaintiff claims the basis of jurisdiction is because the plaintiff is the U.S. Government. (ECF No. 1-1.) This is incorrect; Plaintiff is not the government but is a private citizen.

no supporting facts or allegations.

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" after first "giv[ing] notice of its sua sponte intention to invoke Rule 12(b)(6) and afford[ing] plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing *Crawford v. Bell*, 599 F. 2d 890, 893 (9th Cir. 1979), quoting *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970)); *see Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). Conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly,* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

### III. CONCLUSION

Given Plaintiff's inadequate response to the Court's Order to Show Cause, the Court entertains doubts about Plaintiff's ability to articulate a claim that is properly before this Court's jurisdiction. However, given Plaintiff's pro se status, the Court will grant Plaintiff an opportunity to file an amended complaint that addresses the deficiencies noted in this Order. The Court **GRANTS** Plaintiff leave to file an amended complaint on or before February 4, 2019. *Failure to file an amended*

*complaint by this date may result in Plaintiff's case being dismissed for failure to prosecute.*

**IT IS SO ORDERED.**

**DATED: January 4, 2019**

Hon. Cynthia Bashant
United States District Judge